**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANDY HOPE WILLIAMS JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-cv-02549 |
| | ) | |
| THE CITY OF AURORA, MAYOR RICHARD IRVIN AND CITY COUNCIL OF AURORA, KRISTEN ZIMAN in her individual capacity, SERGEANT TATE, OFFICER MATTHEW HUBER, OFFICER TIMOTHY YOUNG, OFFICER STEVEN MARTIN, and OFFICER ANTONIO PISCOPO in their individual capacities, | ) | Judge John J. Tharp, Jr. |
| Defendants. | ) | |

**ORDER**

For the reasons set forth in the Statement below, the Defendants' partial motion to dismiss [43] is granted. Defendant Officers Young, Huber, Martin, and Piscopo are directed to file answers to the amended complaint by March 1, 2021. All other defendants are dismissed with prejudice.

**STATEMENT**

This case stems from an August 2019 traffic stop, during which Mr. Williams alleges that he was pulled over by Officers Young, Huber, Martin, and Piscopo. After being detained for over an hour, Office Young gave Williams two tickets. Following the stop, Williams proceeded directly to the Aurora Police Department, where he spoke with Sergeant Tate about what had occurred and requested a dialogue to discuss better policing methods in the community. Williams also sent a text message to Mayor Richard Irvin about the incident and asked if he would be interested in implicit bias training as well as whether the City of Aurora had policies regarding oppressed people. Williams filed suit when the City did not take him up on his offer. The complaint asserts claims against the responding officers, Sergeant Tate, Chief of Police Kristen Ziman, Mayor Irvin, the City of Aurora, and the City Council.

In his amended complaint, Williams alleged the following eleven counts against Defendants arising from the traffic stop: (1) unlawful seizure in violation of the Fourth Amendment against the City of Aurora and the defendant police officers, except Sergeant Tate; (2) false arrest in violation of the Fourth Amendment against defendant police officers and the City of Aurora; (3) denial of equal protection in violation of the Fourteenth Amendment against

defendant police officers and the City of Aurora; (4) conspiracy to deprive Plaintiff of his constitutional rights against all defendant police officers and the City of Aurora; (5) failure to intervene in violation of 42 U.S.C. § 1983 against defendant police officers; (6) national origin and race discrimination in violation of Title VI against the City of Aurora; (7) failure to train and supervise against Kristen Ziman in her individual capacity; (8) ratification of defendant officers' actions in violation of 42 U.S.C. § 1981 against the City of Aurora; (9) intentional infliction of emotional distress against defendant officers; (10) respondeat superior against the City of Aurora; and (11) indemnification against the City of Aurora.[1]

Defendants have moved to partially dismiss the complaint for failure to state a claim upon which relief may be granted. [43]. Plaintiff has failed to respond to the motion, the second time he has failed to do so in the course of this litigation. *See* Minute Entry, ECF No. 28. Plaintiff was granted an extension to respond, more than three weeks after his response date had passed, but again failed to so. *See* Minute Entry, ECF No. 52. Failure to respond to a motion to dismiss constitutes a waiver or concession. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."); *Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) (Barrett, J.) ("a district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss"); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999) ("by failing to respond responsively to the motion to dismiss . . . [the plaintiff] forfeited her right to continue litigating her claim"). Accordingly, the defendants' motion to dismiss is granted.

The only claims not subject to the motion to dismiss are the claims against Officers Young, Huber, Martin, and Piscopo based on the traffic stop. All other claims are dismissed. And since the plaintiff has already had an opportunity to amend his complaint, and has twice failed to respond to motions to dismiss, the dismissal of these claims and defendants is with prejudice. As to the remaining defendants (the responding officers), however, it is important to distinguish between the claim asserted against them—that the plaintiff is entitled to relief from these defendants based on the events during the traffic stop—and the theories that might provide the legal justification for holding the defendant(s) liable on that claim. A "claim is 'the aggregate of operative facts which give rise to a right enforceable in the courts.' One claim supported by multiple theories does not somehow become multiple claims." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 399 (7th Cir. 2012) (internal citations omitted). The IIED count, for example, was challenged in the motion to dismiss, but it is not a separate claim but a legal theory on which liability for the claim—the events of the traffic stop—may be based. Accordingly, it remains open to the plaintiff to invoke IIED as a legal theory that entitles him to relief. That goes for any other available legal theory, as well, whether identified in the complaint or not; it is axiomatic that plaintiffs need not set forth legal theories in the complaint. *See, e.g., Alioto v. Town of Lisbon,* 651 F.3d 715, 721 (7th Cir. 2011) ("[W]e have stated repeatedly (and frequently) that a complaint need not plead legal theories, which can be learned during discovery"); *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011) ("A complaint need not identify legal theories"); *Ryan v. Ill. Dep't of Children and Family Servs.*, 185 F.3d 751, 764 (7th Cir. 1999) ("While a plaintiff may plead facts that show she has no claim, she cannot plead herself out of court by citing to the wrong legal theory or failing to cite any theory at all.")**.**

---

[1] This count is misnumbered as Count XII in the complaint.

In short, what survives the motion to dismiss are the plaintiff's claims that he is entitled to relief from each of the four officers who participated in the traffic stop. Identification of the legal theory or theories on which the plaintiff will pin his claims remains to be determined in discovery. The responding officers are directed to answer the amended complaint by March 1, 2021. Their answers, however, need not include responses to allegations set forth in counts that were not asserted against them.

Date: February 8, 2021

_____
John J. Tharp, Jr.
United States District Judge