**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANDY HOPE WILLIAMS JR., ) | |
| ) | |
| Plaintiff, ) | No. 20 CV 02549 |
| ) | |
| vs. ) | Honorable Judge John J. Tharp, Jr. |
| ) | |
| OFFICER MATTHEW HUBER, OFFICER ) | |
| TIMOTHY YOUNG, OFFICER STEVE ) | |
| MARTIN and OFFICER ANTONIO ) | |
| PISCOPO, ) | |
| ) | |
| Defendants. ) | |

**AMENDED DEFENDANTS' MOTION TO STAY PROCEEEDINGS
(AMENDED TO ATTACH CORRECT EXHIBIT 1)**

Defendants, Officer Matthew Huber, Officer Timothy Young, Officer Steve Martin and Officer Antonio Piscopo, by and through their attorneys, John B. Murphey, Odelson, Sterk, Murphey, Frazier & McGrath, Ltd., respectfully move this Court for a stay of proceedings pending the resolution of a related criminal proceeding. In support of this motion, Defendants state:

1. On August 27, 2019, Plaintiff's vehicle was pulled over by one or more of the individual defendant officers at which point he was given a single traffic citation.

2. A year later, Plaintiff filed his original complaint in this action. The complaint has since been amended.

3. The traffic ticket case has still not been adjudicated. Attached hereto as **Exhibit 1** and made a part hereof is a true and correct copy of the Docket in this case. The next Court date in the ticket case is on August 18, 2021. See **Exhibit 1, p. 8.** No trial date has been set.

4. Many of the claims that Plaintiff has pending before this Court involve the same operative facts and circumstances as those in the ticket case. In particular, Counts I-V all depend on the absence of probable cause in connection with the traffic stop resulting in the ticket.

5. Where a criminal action is simultaneously pending with civil litigation, a court may stay the civil proceedings. See *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970) ("[f]ederal courts have deferred civil proceedings pending the completion of criminal prosecutions when the interests of justice seemed to require such an action"). Such a stay contemplates "special circumstances" and the need to avoid substantial and irreparable prejudice. *United States v. 6250 Ledge Rd.,* 943 F.2d 721, 729 n.9 (7th Cir. 1991).

6. "Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action . . ." *Kordel*, 397 U.S. at 12 n. 27, 90 S. Ct. 763 (citing cases). *See, e.g.*, *United States v. Michelle's Lounge*, No. 91 C 5783, 1992 WL 194652, at *5 (N.D. Ill. Aug.6, 1992) ("Conducting civil discovery while the related criminal investigation is continuing would compromise that investigation."); *Marino v. Hegarty*, No. 86 C 6759, 1987 WL 9582, at *1 (N.D. Ill. Apr.10, 1987) ("It would be inappropriate to proceed with this [civil] case during the ongoing criminal investigation.").

7. In determining whether to stay civil proceedings based on the existence of criminal proceedings, a court may consider a variety of factors, such as: (1) whether the two actions involve the same subject matter, (2) whether the two actions are brought by government, (3) the posture of the criminal proceedings, (4) the public interests at stake; (5) the plaintiff's interest and possible prejudice to the plaintiff, and (6) the burden that any particular aspect of the proceedings may impose on the defendants. *Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005).

8. The totality of the circumstances favor a stay. In sum, the similarity of parties,

issues, and relevant facts between the traffic case and this case all argue for a stay of this case pending resolution of the traffic case. If there is a conviction in the ticket case, it will likely give rise to summary judgment in this case based on *Heck*-bar principles. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Morgan v. Schott*, 914 F.3d 1115, 1120 (7th Cir. 2019).

9. Plaintiff's obvious misuse of the present litigation to pursue a personal agenda also favors a stay of the proceedings in this case.

Therefore, in the interest of justice, this court should exercise its discretion to stay the civil case in its entirety until the completion of the state court traffic ticket case.

        Respectfully submitted,

        Officer Matthew Huber, et al., Defendants

        By:    /s/ John B. Murphey
               Their Attorney

John B. Murphey
ARDC No. 1992635
Odelson, Sterk, Murphey, Frazier & McGrath, Ltd.
3318 West 95th Street
Evergreen Park, Illinois 60805
Tel: 708-424-5678
jmurphey@osmfm.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 2, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

Andy Hope Williams Jr.
P.O. Box 681
Westmont, IL 60559
630-479-7330
Hope5780@yahoo.com


                                                                   By:     /s/ John B. Murphey



John B. Murphey
ARDC No. 1992635
Odelson, Sterk, Murphey, Frazier & McGrath, Ltd.
3318 West 95th Street
Evergreen Park, Illinois 60805
Tel: 708-424-5678
jmurphey@osmfm.com

4